**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**

IN RE:    **Lewis Edward Ragins**                    **Case No. 23-51587-KMS**
             **Christi Michelle Ragins, Debtors**           **CHAPTER 13**

**<u>DEBTORS MOTION TO REVIEW NOTICE OF POST PETITION FEES</u>**

COMES NOW the Debtors and files this Motion to Review NewRez LLC d/b/a Shellpoint Mortgage Servicing's ("NewRez") Notice of Post Petition Fees (Dk#54), and in support thereof would show unto the Court as follows:.

1. On January 23, 2024, NewRez filed Proof of Claim No. 10 asserting a prepetition mortgage arrearage claim. Included within the arrearage claim were amounts identified as escrow deficiency and escrow shortage.

2. The Debtor's Chapter 13 Plan provides for payment of the prepetition arrearage claim through the Chapter 13 Trustee.

3. On June 9, 2025, NewRez filed a Notice of Mortgage Payment Change pursuant to Rule 3002.1. The escrow analysis attached thereto reflected that since the bankruptcy filing NewRez anticipated needing escrow funds in the amount of $4,427.92 but had actually received escrow payments totaling $6,297.54.

4. On May 28, 2026, NewRez filed the presently pending Notice of Mortgage Payment Change. The escrow history attached to the notice reflects that NewRez anticipated needing escrow funds totaling $7,510.44 but actually received escrow payments totaling $8,703.53.

5. Despite the escrow history reflecting that NewRez received escrow funds in excess of anticipated amounts since the petition date, the Notice of Mortgage Payment Change

asserts an escrow shortage of $5,225.88 and seeks to increase the Debtor's ongoing monthly mortgage payment accordingly.

6. NewRez has already asserted and included escrow deficiency and/or shortage amounts within its prepetition arrearage claim through Proof of Claim No. 10. Those amounts are being cured through the Chapter 13 Plan.

7. To the extent the presently asserted escrow shortage consists of the same deficiency or shortage amounts previously included within Proof of Claim No. 10, NewRez may not recover those amounts a second time through increased postpetition mortgage payments. Allowing both treatment through the arrearage claim and collection through increased ongoing payments would constitute an impermissible double recovery.

8. To the extent NewRez contends that the escrow shortage amount included in Proof of Claim No. 10 was inaccurate or understated, the proper remedy would be amendment of its proof of claim and payment of any allowable additional arrearage through the remaining term of the Chapter 13 Plan, rather than recasting prepetition shortages as post petition payment increases.

9. The Notice fails to sufficiently explain or reconcile how an escrow shortage of $5,225.88 exists where the attached escrow analyses reflect receipt of escrow funds in excess of projected escrow needs since the petition date.

10. Accordingly, the Debtor objects to the Notice of Mortgage Payment Change to the extent it includes any amount attributable to escrow shortage or deficiency.

WHEREFORE, PREMISES CONSIDERED, the Debtor requests that the Court sustain this Motion and enter an order, Disallowing the Notice of Mortgage Payment Change to the extent it includes amounts attributable to escrow shortage or escrow deficiency; allowing only

the adjusted payment amounts attributable to principal and interest of $723.89 and escrow expenses of $863.89, for a total monthly payment of $1,587.78; and granting such other and further relief as may be just and proper.

This date, June 8, 2026.

Respectfully submitted,

By: /s/ Thomas C. Rollins, Jr.
    Thomas C. Rollins, Jr.
    Attorney for Debtors

Of Counsel:
Thomas C. Rollins, Jr. (MSBN 103469)
Jennifer A Curry Calvillo (MSBN 104367)
The Rollins Law Firm
P.O. Box 13767
Jackson, MS 39236
601.500.5333
trollins@therollinsfirm.com

## CERTIFICATE OF SERVICE

I, Thomas C. Rollins, Jr., do hereby certify that a true and correct copy of the above and foregoing Motion were forwarded on June 8, 2026 to:

By Electronic CM/ECF Notice:

Samantha San Jose, Attorney for Creditor

Chapter 13 Case Trustee

U.S. Trustee


/s/ Thomas C. Rollins, Jr.
Thomas C. Rollins, Jr.